IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSE GARZA,**

                 **Plaintiff,**

      v.                                CASE NO. 08-3084-SAC

**ALBERT BANDY,**

                 **Defendant.**

### O R D E R

Before the court is a civil complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in the Larned Correctional Mental Health Facility in Larned, Kansas. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

*Motion for Leave to Proceed In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records for that relevant six month period, the court assesses an initial partial filing fee of $15.00, twenty percent of the average monthly deposit to plaintiff's account, rounded to the lower half dollar.

Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

*Screening of the Complaint under 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

The sole defendant named in the complaint is plaintiff's defense counsel, from whom plaintiff seeks damages for allegedly not assisting plaintiff during plaintiff's sentencing in 2000 and 2001. However, to state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*. West v. Atkins, 487 U.S. 42 (1988). Plaintiff's allegations clearly state no such claim for relief because it is well recognized that court appointed defense attorneys serve the interest of their client and do not act "under color of state law" within the meaning of § 1983. *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983)(attorneys engaged in the private practice of law are not acting under color of state law). Accordingly, the court finds the complaint is subject to being summarily dismissed because plaintiff's allegations state no claim upon which relief can be granted under 42 U.S.C. § 1983.

Plaintiff's motion for appointment of counsel is denied without

prejudice. Plaintiff has no right to the assistance of counsel in this civil action. <u>Durre v. Dempsey</u>, 869 F.2d 543, 647 (10th Cir. 1989). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. *See* <u>Long v. Shillinger</u>, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

*Notice to Plaintiff and Show Cause Order*

The court thus directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.[1] *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief); 42 U.S.C. § 1997e(c)(court is to dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted); and 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint

---

[1] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $15.00.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 29th day of April 2008 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge