```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JOSE GARZA,**

                      **Plaintiff,**

          **v.**                                **CASE NO. 08-3084-SAC**

**ALBERT BANDY,**

                      **Defendant.**

### O R D E R

Plaintiff, a prisoner incarcerated in the Larned Correctional Mental Health Facility in Larned, Kansas, proceeds pro se in this civil action filed under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

The sole defendant named in the complaint is plaintiff's defense counsel in plaintiff's state criminal proceeding. Plaintiff seeks damages based on this defendant's alleged error in representing plaintiff in that state criminal action. By an order dated April 29, 2008, the court directed plaintiff to show cause why the complaint should not be summarily dismissed because it is well established that a defense attorney is not a "person acting under color of state law" for the purpose of stating a valid claim for relief under 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S.

312, 325 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); <u>Barnard v. Young</u>, 720 F.2d 1188, 1189 (10th Cir. 1983)(attorneys engaged in the private practice of law are not acting under color of state law).

In response plaintiff reiterates the specific relief being sought in this matter, but this does not address whether the allegations in plaintiff's complaint are legally sufficient to state a cognizable claim for proceeding under 42 U.S.C. § 1983 to seek such relief. On that substantive issue, plaintiff essentially argues that his defense counsel's failure to proceed in a competent and effective manner was outside "a lawyer's traditional function," and thus constituted action "under color of state law." This argument has no legal merit. The defendant in this matter clearly acted as plaintiff's counsel in the state criminal proceeding, notwithstanding plaintiff's allegations of ineffective representation.

Plaintiff identifies no valid basis for finding the defendant in this matter was a state actor for purposes of stating a valid claim under 42 U.S.C. § 1983.[1] The court thus concludes the

---

[1] Even if state action could be established, plaintiff's claim for damages would be premature to the extent a judgment on his allegations would necessarily implicate the validity of plaintiff's criminal conviction or sentence. *See* <u>Heck v. Humphrey</u>, 512 U.S. 477 486-87 (1994)(if judgment would imply a conviction or sentence invalid, no cause of action arises under 42 U.S.C. § 1983 until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ).
   To any extent plaintiff is challenging the constitutionality of his present conviction or confinement, declaratory or injunctive relief in federal court on such allegations must be pursued through a writ of habeas corpus under 28 U.S.C. § 2254 after first

complaint should be summarily dismissed.[2]  See 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 16th day of May 2008 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

exhausting state remedies. See <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 500; 28 U.S.C. § 2254(b)(1).

[2] Because no federal claim for relief is presented, the court declines to exercise its supplemental jurisdiction over any state law claim for legal malpractice that plaintiff may be asserting. See 28 U.S.C. § 1367(c)(3) (stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction").